IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

UNITED STATES OF AMERICA,

v.  Criminal No. 4:19CR80

SHAQUAN CYPRESS,
    Defendant.

### DEFENDANT'S MOTION TO REVIEW DETENTION ORDER

COMES NOW, the Defendant, SHAQUAN CYPRESS, by counsel, pursuant to 18 U.S.C. § 3145 (b), and moves this Honorable Court to review and reverse the detention order previously entered in this matter and release Defendant on terms and conditions pending the trial of this case.

### PROCEDURAL BACKGROUND

Defendant, SHAQUAN CYPRESS, stands before the court having been arrested on an indictment which charged him with Possession of a Firearm During a Drug Trafficking Crime, Conspiracy to Distribute and Posses with Intent to Distribute Heroin, Cocaine, Cocaine Base and Oxycodone, and Distribute Heroin, Cocaine, Cocaine Base and Oxycodone.

On October 3, 2019, Defendant appeared before Magistrate Judge Lawrence R. Leonard for a detention hearing, pursuant to 18 U.S.C. § 3142. After taking into consideration proffers by the government and defense counsel, and the bond report, the court found by clear and convincing evidence that Defendant represented a serious risk of flight, and ordered him detained. The court issued a written Order of Detention on October 3, 2019. *See* Order of Detention filed October 3, 2019.

### SUMMARY OF ALLEGED FACTS

The indictment alleges that Defendant was a part of a conspiracy involving the distribution of narcotics, and that in January of 2017, Defendant possessed a firearm during the distribution of narcotics.

## LAW AND ARGUMENT

Section 3142(g) of Title 18 of the United States Code sets forth the factors for the judicial officer to consider in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

Those factors are:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . .or involves a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that

would be posed by the person's release. 18 U.S.C. § 3142(g).

Due to the government's allegations under 18 U.S.C. § 924(c), and because an offense for which the maximum term of imprisonment is 10 years or more under the Controlled Substances Act, a presumption against bond arose under 18 U.S.C. § 3142(e). Magistrate Judge Leonard found that the Defendant had not presented evidence sufficient to rebut the presumption, and after considering the presumption and other factors, he found that detention in this case was warranted. *See* Order of Detention, October 3, 2019, at 2. The court noted in particular that: (1) that the weight of the evidence against Defendant was strong, (2) a lengthy period of incarceration if convicted was involved; (3) the Defendant has a prior criminal history; (4) the Defendant had participated in criminal behavior while on probation, parole, or supervision; (5) Defendant has a history of violence or use of weapons; (6) Defendant had a history of alcohol or substance abuse; (7) Defendant had a lack of stable employment; (8) Defendant had prior attempts to evade law enforcement; and (9) Defendant had prior violations of probation, parole, or supervised release. *Id.*

This court's review of the magistrate judge's detention order under 18 U.S.C. § 3145(a) is *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003) ("The standard of review for the district court's review of a magistrate judge's detention or release order under 3145(a) is *de novo*"); *United States v. Reuben*, 974 F.2d 580, 585 (5th Cir. 1992) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release."); *United States v. Clark*, 865 F.2d 1433, 1436 (4th Cir. 1989)(en banc) ("A defendant ordered detained by a magistrate may seek *de novo* review in the

district court.); *United States v. Cannon*, 711 F.Supp.2d 602, 607 n.4 (E.D.Va. 2010) (the standard of review under 18 U.S.C. § 3145 is *de novo*).

The district court need not defer to the magistrate judge's findings or give specific reasons for rejecting them. *United States v. Koenig*, 912 F. 2d 1190, 1191-92 (9th Cir. 1990); *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985); *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985); *United States v. Williams*, 753 F.2d 329, 331 (4th Cir. 1985) (district court should not simply defer to the judgment of the magistrate, but reach its own independent conclusion).

The district court may take additional evidence or conduct a new evidentiary hearing when appropriate. *Koenig*, 912 F.2d at 1193; quoting *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985). Section 3142(c) specifies that "if the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person: (A) "subject to the condition that the person not commit [further crimes] during the period of release . . . ;" (B) subject to the least restrictive further condition or combination of condition, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(A) and (B). Such outlined conditions include, among others, that the person: (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community.

In the present case, the Defendant requests the District Court to consider granting his pretrial release under the supervision of his mother, Redrena Cypress. Prior to his arrest, Defendant has resided on the peninsula and was born in the city of Hampton. He intends to reside with his mother as a third-party custodian along with his brothers, his cousin, his girlfriend, and his grandmother. Additional local ties to the community include his 4 children, with another child expected soon. Therefore, Defendant is requesting bail in this matter to reside with is family while this case is pending.

Furthermore, Defendant does not pose a serious risk of flight. Generally, more than evidence of the commission of a serious crime and the fact of a potentially long sentence is required to support a finding of serious risk of flight. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). A mere theoretical opportunity for flight is not sufficient grounds for pretrial detention. *United States v. Himler*, 797 F.2d 156, 162 (3d Cir. 1986) (possession of one false form of identification not enough by itself to justify pretrial detention in the absence of evidence that defendant actually intended to flee from prosecution); *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990) (defendant detained as flight risk because of substantial foreign contacts). Relevant facts that support a serious risk finding include the use of a number of aliases, unstable residential ties to a community, efforts to avoid arrest, or hidden assets. *Friedman*, 837 F.2d at 50. While Defendant acknowledges that he is facing a possible lengthy sentence on the drug charges involving a mandatory minimum term of 5 years, and an additional mandatory minimum of 5 years on the firearm possession charge should the government ultimately prevail, this alone is not sufficient to detain him as a risk of flight.

Wherefore, Defendant Cypress respectfully asks this court to review and reverse the detention order entered by Magistrate Judge Lawrence R. Lenard, and to grant his release prior to trial with as many conditions as the court deems appropriate.

        Respectfully Submitted,
        Shaquan Cypress

        By:_____/s/_____
        Nicholas R. Hobbs, Esq.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
Hobbs & Harrison
21- B East Queens Way
Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 18th day of December, 2019, I electronically filed the foregoing with the clerk of court using the CM/ECF system, which will send a notification of such filing (NEF) to the following : Eric M. Hurt, Assistant United States Attorney, Fountain Plaza Three Suite 300, 721 Lakefront Commons, Newport News, Virginia 23606.

By_____/s/_____
Nicholas R. Hobbs, Esq.
Virginia Bar # 71083
Attorney for Defendant
Hobbs & Harrison
21- B East Queens Way
Hampton, VA 23669
757-722-0203 phone
757-722-0656 fax
nhobbs@hobbsharrison.com